## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHARLENE AXELSEN and ARTHUR AXELSEN, (h/w),**<br><br>Plaintiff(s),<br><br>vs.<br><br>**SANDALS RESORTS INTERNATIONAL, LTD.; SANDALS RESORTS; SANDALS ST. LUCIA; SANDALS REGENCY LA TOC GOLF RESORT AND SPA; CICERON MANAGEMENT LTD.; JOHN DOES 1-10 (names being fictitious and unknown); and ABC CORPORATIONS 1-10 (names being fictitious and unknown),**<br><br>Defendant(s). | **Civil Action No.:**<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

## PARTIES

1.      Plaintiff, Sharlene Axelsen is an adult of majority age and a citizen of the State of New Jersey, residing with her husband, Arthur Axelson at 3229 Allaire Road, Township of Wall, County of Monmouth and State of New Jersey.

2.      The defendants, Sandals Resorts International, Ltd.; Sandals Resorts; Sandals St. Lucia; and Sandals Regency La Toc Golf Resort and Spa, (hereinafter known as **"Sandals"**), is a Florida corporation with headquarters and principal place of business located at 4950 SW 72nd Avenue, Suite 201, Miami, FL 33155. Based upon information and belief Sandals is registered to do business as a foreign profit corporation in New Jersey, and at all times material herein Sandals systematically and continuously transacts business in the State of New Jersey.

3.      Based upon information and belief Ciceron Management Ltd. (**"Ciceron"**) maintained the premises at Sandals Regency LaToc Golf Resort and Spa and at all times material herein Ciceron Management Ltd. systematically and continuously transacted business in the State of New Jersey.

4.      At all times mentioned herein, defendants John Does 1-10 and/or ABC Corps. 1-10, are fictitious names used to identify one or more corporations, companies, partnerships, agencies, and/or employees, individuals, and/or other entities whose true identities have not yet been discovered, and who at all times mentioned herein were proprietors, owners, lessors, lessees, occupiers, contractors, supervisors, controllers, maintainers, and/or operators of the Sandals Regency La Toc Golf Resport and Spa, where plaintiff, Sharlene Axelsen was caused to suffer severe personal injuries.

5.      At all times material herein, defendants acted by and through their respective duly authorized agents, servants, employees and/or employees, actual, apparent or ostensible, any and all of whom were then and there acting on their master's business and within the scope and duties of their office or employment.

6.      At all times material herein, "**Sandals**" acted through its wholly owned subsidiary companies and licensees it directed and controlled and/or possessed the capacity to direct and control, including but not limited to Sandals Regency La Toc Golf Resport and Spa.


## JURISDICTION & VENUE

1.      This court has diversity jurisdiction, pursuant to 28 U.S.C. §1332 based upon the complete diversity of citizenship of the respective parties and the requisite amount in controversy is in excess of $75,000, exclusive of interests and cost. Additionally, this court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2.      Venue is proper in this District pursuant to 28 U.S.C. §1391 because plaintiff resides in the Township of Wall, Monmouth County, State of New Jersey and obtained treatment and care here and defendant "**Sandals**" and **"Ciceron"**, may be served as provided by law.

## COUNT ONE

1.      On or about March 2, 2019 plaintiff, Sharlene Axelsen together with her husband, Arthur Axelson, checked in to Sandals Regency La Toc Golf Resort and Spa, located in St. Lucia, District of Castries, for four nights with the accommodation at CBW – Emerald beachfront walkout club level (Room number 805) and departure date was scheduled for March 3, 2019.

2.      On March 2, 2019 at approximately 11:30 a.m. plaintiff entered said premises and proceeded to slip and fall on a wet floor caused by water leaking from the ceiling onto the marble flooring as depicted in Exhibit A, (attached hereto).    Plaintiff sustained severe injuries necessitating extensive medical treatment.

3.      Prior to plaintiff's occupancy in room 805 the unit was occupied by Joy Arghiere and Kenneth Hester residing in the State of New York who complained to Sandals management about the condition as depicted in Exhibit A.  Ms. Arghiere in fact slipped and fell in the same room with the water leaking from the ceiling and as a result demanded another room.  Sandals did not correct the condition but instead simply assigned plaintiff and her husband to room 805 whereupon plaintiff slipped and fell as stated above.

4.      At all relevant times defendant(s), Sandals Resorts International, Ltd.; Sandals Resorts; Sandals St. Lucia; Sandals Regency La Toc Golf Resort and Spa; and Ciceron Management Ltd., owned, controlled and/or maintained the subject premises.

5.      At the aforesaid time and place these defendants carelessly, negligently and recklessly failed to maintain the said premises by:

    a)      Failing to inform plaintiff of the dangerous and hazardous condition located within the premises.

    b)      Failing to take reasonable and prudent steps to alleviate the dangerous hazardous condition.

    c)      Was in other ways negligent.

6.      As a direct and proximate result of defendants' negligence, plaintiff, Sharlene Axelsen was caused to fall and suffer severe bodily injuries, some of which are permanent in nature; has incurred and will in the future incur expenses for the treatment of these injuries; has been disabled and in the future will be disabled and unable to perform her usual functions. These injuries have caused plaintiff great pain and suffering and have required medical treatment for the following injuries:

    a.      Sandals' nurse, employee, "Celine" performed an examination and memorialized in writing the incident as well as plaintiff's complaints at or near the accident scene;

    b.      Left knee medial and lateral meniscal tears treated surgically;

    c.      Right ankle injury necessitating surgery;

    d.      Cervical radiculopathy;

    e.      Right carpal tunnel syndrome;

    f.      Lumbosacral and SI joint injury;

    g.      Right hand and thumb injury;

    h.      Plaintiff will require future care for the right wrist, left knee and right ankle.

    i.      Plaintiff was in other ways injured and will require future care.

**WHEREFORE,** plaintiff, Sharlene Axelsen demands judgment against Sandals Defendants, their agents, servants and/or employees, jointly and severally, for compensable and punitive damages, together with interest, attorneys' fees and costs of suit.

### SECOND COUNT

1.     Plaintiffs, Sharlene Axelsen and Arthur Axelsen, as husband and wife repeat and re-allege the allegations contained in the First Count, and make them a part hereof as though the same were more fully set forth herein and made a part hereof.

2.     At all relevant times, Plaintiff, Arthur Axelsen, is and continues to be the lawfully wedded spouse of Plaintiff, Sharlene Axelsen.

3.     As a direct result of the negligent, careless and reckless acts and/or omissions of Defendants, Plaintiff, Arthur Axelsen has and in the future will continue to suffer loss of the reasonably expected consortium, companionship and services of his spouse, plaintiff, Sharlene Axelsen, has and in the future will continue to suffer limitations of their usual, customary, and expected activities, has been and in the future will be compelled to spend diverse sums of money for health care and other incidental items, has and in the future will be prevented from attending to their usual activities for a long period of time.

**WHEREFORE,** Plaintiff, Arthur Axelsen demands judgment against Sandals Defendants for the loss of services and consortium of his wife, together with legal interest and statutory costs and fees.

### THIRD COUNT

1.     Plaintiff, Sharlene Axelsen repeats and re-alleges by reference each and every allegation contained in the First and Second Counts and incorporates the same by reference as though fully set forth herein.

2.     The defendants, John Does 1-10 and ABC Corporations 1-10, are fictitious names for defendants and entities, the identities of which are unknown at the present time.

Plaintiff, Sharlene Axelsen reserves the right to amend this complaint to allege the true and proper names of said defendants, once they become known through pre-trial discovery and/or through continuing investigation.

3.       As a direct and proximate result of the above fictitious defendants' negligence, carelessness and recklessness plaintiff, Sharlene Axelsen was caused to fall and suffer severe bodily injuries, some of which are permanent in nature; has incurred and will in the future incur expenses for the treatment of these injuries; has been disabled and in the future will be disabled and unable to perform her usual functions.  These injuries have caused plaintiff great pain and suffering and have required medical treatment, all to plaintiff's great loss and damage.

**WHEREFORE,** the plaintiff, Sharlene Axelsen demands judgment against the defendants, John Does 1-10 and ABC Corporations 1-10, jointly, severally and/or, in the alternative, for past and future damages, including but not limited to, pain, suffering, disability, medical bills and lost wages, together with interest and costs of suit.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all counts pursuant to Fed. L. Civ. P. 38(b).

Dated:     2/26/21

JEFFREY V. STRIPTO
NJ Attorney ID No. – 031781999
Law Office of Roy D. Curnow
900 State Highway 71
Spring Lake Heights, New Jersey 07762
(732) 449-3304 / Fax: (732) 449-3305
jeffrey.stripto@curnowlaw.com
Attorneys for Plaintiff

EXHIBIT A